IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW WESLEY HOBBS | § | |
| (BOP Register No. 30723-077), | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1139-O |
| | § | (No. 3:97-cr-160-R) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Movant Andrew Wesley Hobbs, a federal prisoner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 2. In response to the Court's show cause order, *see* Dkt. No. 3, the government has moved to dismiss the motion as time-barred, *see* Dkt. No. 5, and Hobbs has responded to the government's motion, *see* Dkt. No. 6. After considering the Section 2255 motion, the motion to dismiss, and Hobbs's response, the Court concludes that the motion to dismiss should be granted and that this action should be dismissed as barred by the statute of limitations.

### Applicable Background

In 1997, Hobbs pleaded guilty to two counts of using or carrying a firearm during a crime of violence, aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and (2) and 2, and, on August 1, 1997, the Court sentenced Hobbs to a combined term of 25 years of imprisonment. He did not appeal.

-1-

In this, his first, Section 2255 motion, Hobbs challenges his Section 924(c) convictions under *Johnson v. United States*, 135 S. Ct. 2551 (2015), thereby implicating 28 U.S.C. § 2255(f)(3).

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184

F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson*

*v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Therefore, if Hobbs were challenging a conviction and sentence that implicated the ACCA's residual clause, 28 U.S.C. § 2255(f)(3) could operate to make the current motion timely if such a motion was filed within one year from the date *Johnson* was

decided. *See Dodd v. United States*, 545 U.S. 353 (2005) (Section 2255(f)(3)'s one-year period begins to run on the date on which the Supreme Court "initially recognized" the right asserted, not the date on which that right is made retroactively applicable).

But Hobbs's collateral challenge does not implicate the ACCA's residual clause. Instead, he challenges, pursuant to *Johnson*, his convictions under Section 924(c)(1) and (2), related to charges of obstruction of commerce by robbery (or Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a).

Hobbs does seek to extend *Johnson's* holding outside the underlying statute. But, because this is his initial Section 2255 motion, its timeliness under Section 2255(f)(3) "'does not require that the retroactivity determination'" – that is, the determination that *Johnson's* holding reaches, retroactively, beyond the ACCA's residual clause – "'be made by the Supreme Court itself.'" *United States v. Olvera*, 775 F.3d 726, 730 n.11 (5th Cir. 2015) (quoting *United States v. Lopez*, 248 F.3d 427, 432 (5th Cir. 2001), and distinguishing Section 2255(f)(3) from a requirement imposed by 28 U.S.C. § 2255(h)(2), applicable to second or successive Section 2255 motions); *see also In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (per curiam) (refusing to preliminarily authorize, under Section 2255(h)(2), a successive Section 2255 motion presenting a *Johnson*-based challenge to 28 U.S.C. § 924(c)(3)(B) because, "even if *Johnson* does apply to that provision, the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review").

Regardless, the definition of "violent felony" under the ACCA's residual clause

is substantially different than the definition of "crime of violence" used in Section 924(c). *See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). And that definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *but see Lynch v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

But, even if this Court were to determine that *Johnson*'s invalidation of the ACCA's residual clause should be extended to Section 924(c)(3)(B), such an extension would not benefit Hobbs because his underlying "crime of violence" – Hobbs Act robbery, in which the statutory definition of "robbery" is "the unlawful taking or obtaining of personal property from the person or in the presence of another, against

his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining," 18 U.S.C. § 1951(b) – does "not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on" that offense, *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, *compare Johnson*, 135 S. Ct. at 2555-57, *with* 18 U.S.C. § 2113(a) (bank robbery), *and* 18 U.S.C. § 1951 (conspiracy to obstruct interstate commerce by robbery), and so *Johnson* has no bearing on them.").

Indeed, the definition of a Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause. *See, e.g., In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (per curiam) ("Fleur's companion conviction for Hobbs Act robbery, which was charged in the same indictment as the § 924(c) count, clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) ("The definition of Hobbs Act robbery borrows conceptually, if not linguistically, from § 924(c)(3)(A)'s definition of 'crime of violence.' Both definitions refer to the use or threatened use of force against person or property, and the robbery definition goes so far as to include the term 'violence.'"); *United States v. Reed*, 187 F. Supp. 3d 743, 748-49 (W.D. La. 2016) ("Many other courts to reach the

issue have found that Hobbs Act robbery falls within the force clause as well." (collecting cases)).

Therefore, because Hobbs's underlying offenses are "crimes of violence" under Section 924(c)'s force clause, which does not contain language remotely similar to language in a separate statute that *Johnson* struck down as unconstitutionally vague, Hobbs's Section 2255 motion is not timely under Section 2255(f)(3). And neither equitable tolling nor the narrow actual-innocence exception save Hobbs's motion from being time-barred under Section 2255(f).

## Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Hobbs is entitled to no relief.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Hobbs has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*

*v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Hobbs elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

### Conclusion

The government's motion to dismiss is granted. And the Court dismisses this Section 2255 action as barred by limitations.

SO ORDERED.

DATED: January 18, 2017.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**